HOWARD, Circuit Judge,
concurring in the judgment.
I agree with the lead opinion that the sentence imposed in this case is reasonable. I don’t agree that the district judge “misconstrued the role of the Sentencing *450 Guidelines” by stating that it would “heed” to the guidelines in all but “unusual cases.” Ante at 10. This formulation is not inconsistent with our recognition in Jiménez-Beltre that the Guidelines are an “important” factor in sentencing and provide the starting point for constructing a reasonable sentence. See 440 F.3d at 518-19; see also 440 F.3d at 522 (Howard J., concurring in part and concurring in the judgment) (the guidelines “in the usual case” express Congress’s view on the purposes of federal sentencing).
District courts will inevitably approach sentencing differently post -Booker. Indeed, the legitimacy of a range of approaches is implicit in Booker’s grant of added discretion to sentencing judges. So long as the sentence is reasonable and the approach is not unlawful, the appellate task is complete. See United States v. Buchanan, 449 F.3d 731, 741 (6th Cir.2006) (Sutton, J., concurring).